UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PNC BANK, N.A.,<br><br>Plaintiff,<br>v.<br><br>COOLING OUR FUTURE, INC. d/b/a RITA'S WATER ICE, and BRENDA J. FARNSWORTH and JOHN D. FARNSWORTH, individually<br><br>Defendants | CIVIL ACTION NO. 4:09-cv-40229-FDS |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, and upon the Clerk of the Court's Entry of Default in this matter on September 7, 2010, Plaintiff PNC Bank, N.A. ("Plaintiff" or "PNC Bank") hereby moves this Court for an order granting and entering a Default Judgment against Defendants Cooling Our Future, Inc. d/b/a Rita's Water Ice (the "Borrower"), Brenda J. Farnsworth and John D. Farnsworth (collectively, "Defendants") and in favor of PNC Bank in the amount of the unpaid principal balance; pre-judgment interest at the contract rate from the date of breach; late charges, bank fees, attorneys' fees and other costs of collection; and post-judgment interest as provided by law. In support of this Motion, PNC Bank states:

1. This action arises from Defendants' failure to pay monies due and owing to PNC Bank pursuant to the terms of a series of Notes entered into between the Borrower and PNC Bank, and guarantees of the Borrowers' obligations under the Notes given by Defendants Brenda J. Farnsworth and John D. Farnsworth.

2. PNC Bank filed a complaint against Defendants in this action on December 31, 2009. (Docket No. 1.) (A true and accurate copy of the Complaint is attached hereto as Exhibit 1.)

3. PNC Bank achieved personal service of the Summons and Complaint on all Defendants on January 5, 2010. (Affidavit of Erica Tennyson ("Tennyson Aff."), attached hereto as Exhibit 2, at ¶ 5.) The three Summonses were returned executed and filed with the Court on January 11, 2010. (Id.; Docket Nos. 5-7.)

4. Pursuant to Fed. R. Civ. P. 12(a)(1), Defendants' Answers to the Complaint were due on January 26, 2010. (Docket Nos. 5-7; Tennyson Aff. ¶ 6.) The parties agreed to a two-week extension for the Defendants to file their Answers. (Tennyson Aff. ¶ 6.)

5. Counsel for PNC Bank filed an Application for Writ of Entry of Default on August 20, 2010 as a result of the Defendants' failure to file an Answer or other response to the Complaint. (Docket No. 9; see Tennyson Aff. ¶¶ 7-10.) Defendants' counsel was served a copy of the Application for Writ of Entry of Default. (Tennyson Aff. ¶ 10.)

6. The Clerk of the Court noticed an Entry of Default in this matter on September 7, 2010. (Docket entry dated 9/7/10; Tennyson Aff. ¶ 11.)

7. Defendants filed their unsigned Answer and Counterclaims with the Court on September 20, 2010, nearly nine months after the expiration of the time frame provided by the Federal Rules of Civil Procedure for the Defendants to file a responsive pleading. (Docket No. 11; Tennyson Aff. ¶ 12.) This was the first time counsel for the Defendants appeared in this case. (Id. at ¶ 12; see id. at ¶¶ 6-9.)

8. Defendants have never served on PNC Bank or filed with the Court an Answer and Counterclaims that complies with the signature requirements of Rule 11 of the Federal Rules

of Civil Procedure. (Tennyson Aff. ¶ 13.) The unsigned Answer and Counterclaims that were filed with the Court on September 20, 2010 should be stricken as untimely and as an unsigned paper in violation of Rule 11(a). (Fed R. Civ. P. 11(a); see Docket No. 11.)

9. A supporting Affidavit of Nadia Bonsignore, a PNC Bank employee with authority to sign an affidavit on its behalf, will be filed with the Court within 14 days, as required by the Standing Order Regarding Motions for Default Judgment. (Docket No. 10.)

10. The Affidavit of Nadia Bonsignore will establish that PNC Bank is entitled to a sum certain or a sum which can, by computation, be made certain pursuant to Rule 55(b)(1). This sum certain includes the unpaid principal balance, unpaid and accrued interest at the contract rate as provided for by M.G.L. c. 231, § 6C, and late charges, bank fees, attorneys' fees and other costs of collection. (See Affidavit of Nadia Bonsignore.)

11. The Notes and Guarantees that are the subject of this action provide that, in the event of any default on the loan, the Borrower will pay PNC Bank its collection costs, including reasonable attorneys' fees and costs.

12. As set forth in the accompanying Affidavit of Erica Tennyson, as of August 31, 2010, PNC Bank has incurred attorney' fees in the amount of $7,146.00 in bringing this action to collect amounts due under the Note. (Tennyson Aff. ¶ 17.)

13. As set forth in the accompanying Affidavit of Erica Tennyson, as of August 31, 2010, PNC Bank has incurred costs in the amount of $512.84 for the filing and service of the Complaint in this matter and other related costs. (Tennyson Aff. ¶ 18.)

14. Cooling Our Future is a corporation and therefore is not a minor, incompetent person or in the military service of the United States. (Tennyson Aff. ¶ 14.)

15. Upon information and belief, Defendants Brenda J. Farnsworth and John D. Farnsworth are not minors, incompetent persons or in the military service of the United States. (Tennyson Aff. ¶¶ 15-16.)

WHEREFORE, Plaintiff PNC Bank, N.A. respectfully requests that the Clerk enter a Default Judgment against Defendants Cooling Our Future, Inc. d/b/a Rita's Water Ice, Brenda J. Farnsworth and John D. Farnsworth.

Respectfully submitted,

PNC BANK, N.A.

By its attorneys,

/s/ Erica Tennyson
Daniel J. Carragher (BBO# 075620)
Erica Tennyson (BBO# 660707)
DAY PITNEY LLP
One International Place
Boston, Massachusetts 02110
Telephone: (617) 345-4600
Facsimile: (617) 607-9122
etennyson@daypitney.com

Dated: October 7, 2010

**CERTIFICATE OF SERVICE**

I, Erica Tennyson, hereby certify that this Motion for Default Judgment filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 7, 2010.

/s/ Erica Tennyson
Erica Tennyson (BBO# 660707)